[Polk, et al. v. State ex rel. Smith, et al.]

# Polk, *et al. v.* State *ex rel.* Smith, *et al.*

## *Quo Warranto.*

### (Decided Jan. 22, 1908. 45 South. 652.)

1. *Appeal; Ruling on Pleading.*—It was not error to sustain a demurrer to certain paragraphs of defendant's answer, where such paragraph professed to answer only those paragraphs in complainant's petition which had been eliminated by demurrer.

2. *Religious Societies; Incorporation; Proceedings.*—Pursuant to a meeting held by certain persons a certificate was filed in the office of judge of probate in compliance with section 1303, Code 1896, and certificate of incorporation was issued to the person shown in the certificate filed, incorporating them as a religious organization. Subsequently an attempt was made on the part of other members to organize and incorporate themselves as a religious society for the purpose of defeating the former act of incorporation. Held, the latter attempt is void.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Proceeding in the nature of quo warranto by the state, on the relation of J. R. Smith and others, against Frank Polk and others to vacate a religious corporation organized by them. From a judgment of ouster, defendants appeal. Affirmed.

It is alleged by the relators that the Beulah Baptist Church was duly incorporated on the 1st day of March, 1907, which appears by certificate and under authority as shown by the minutes of the church. It is further alleged that, prior to the act of incorporation sought here to be annulled, those seeking said latter incorporation had been excluded from such, and from membership therein. It is further alleged that the respondents are forcing themselves into the church and wrongfully interfering with the membership of same, and have undertaken and do now undertake to exercise authority as trus-

tees of said church under the act of incorporation of May 28, 1907, from which it is sought to oust them. A number of pleadings and demurrer were indulged in on both sides, not necessary to be here set out.

J. W. BUSH, for appellant. The court erred in overruling the second ground of demurrer.—Subd. 2, section 3417, Code 1896. The members of the church become incorporated and not the trustees.—*Hundley v. Collins,* 131 Ala. 241. Before a member of a religious body can be lawfully expelled he must be notified and an opportunity given to meet the charges against him.—24 A. & E. Ency. of Law, 339. The burden of proving that the party has been expelled is upon the party alleging it.—Ib. 348. Members who have been expelled are not prevented from being trustees.—Ib. 339.

PINKNEY SCOTT, for appellee. Quo warranto was the proper remedy.—Subd. 5, section 3417, Code 1896. On the authority of the case of *Hundley v. Collins,* 131 Ala. 241 this case should be affirmed.

TYSON, C. J.—The proceeding in this case is in the nature of a quo warranto, authorized by chapter 94 of the Civil Code of 1896. Its purpose, as manifestly indicated by the averments of the complaint which remained after the demurrer was sustained to it, and after amendment, was to question the defendants' right to exercise the franchise or privilege of a corporation under the name of the Beulah Baptist Church, and not to inquire by what right they exercise the prerogatives of the office of trustees of said corporation.—Subdivision 3, § 3420, Code 1896; *State v. Webb,* 97 Ala. 111, 12 South. 377, 38 Am. St. Rep. 151. The action of the court in sustaining the demurrer to certain paragraphs of the respondents' answer was clearly without prejudice, since those paragraphs only professed to answer those averments of the

complaint which were eliminated by demurrer. When the third paragraph of the complaint was stricken out by amendment, this left no field of operation for the third paragraph of the answer, and, of course, eliminated the issue made by it.

The theory of the relators, as shown by the course of the trial, is that the members of the church had been duly incorporated on the 1st day of March, 1907, and that these respondents, having been expelled as members of the church, in attempting to reincorporate it on the 28th day of May, 1907, were guilty of an act of usurpation which entitled the state in this proceeding to have the certificate of incorporation issued to them by the judge of probate annulled. It was shown by the written minutes of the church, in conference held on the 18th day of February, 1907, that the persons who filed the certificate in the office of the judge of probate on the 1st day of March, 1907, in compliance with section 1303 of the Code of 1896, and obtained his certificate showing the members of the church to be incorporated, were expressly authorized to do so. By this, and by the certificate which was filed by them with the judge of probate in compliance with the section of the Code cited, it was made to appear that the incorporation was complete and that the theretofore association of members had become a distinct entity. Having perfected their corporate existence in accordance with the requirements of the statutes, the subsequent attempt on the part of these appellants to organize so as to defeat that act of incorporation, by having themselves elected trustees and filing the certificate with the judge of probate on May 28, 1907, sought to be annulled by this proceeding, was wholly abortive; and this without regard to whether they had been properly or improperly expelled as members of the church. On the undisputed facts as stated, without re-

[State, ex rel. Leslie, et al. v. Bracken, et al.]

gard to any other rulings with respect to admission or exclusion of evidence which (whether correct or incorrect) cannot possibly affect the result, the judgment of the trial judge must be held to be correct.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.